CITY OF COVINGTON, etc., et al.,
Appellant,

v.

E. B. MEYER, Appellee.

Court of Appeals of Kentucky.

March 13, 1964.

E. H. Henry, Rodney S. Bryson, Covington, for appellant.

Stanley Chrisman, Covington, for appellee.

PALMORE, Judge.

In this action the Kenton Circuit Court adjudged that the appellee, Meyer, an electrician in the fire department of the City of Covington, could not be required to work on the basis of eight hours per day five days a week, Monday through Friday, in view of KRS 95.500(3), which was amended in 1962 to read as follows:

> "The fire department of each second class city shall be divided into three platoons. Each platoon shall be on duty for twenty-four consecutive hours, after which the platoon serving twenty-four hours shall be allowed to remain off duty for forty-eight consecutive hours, except in cases of dire emergency. The chief of the fire department shall arrange the schedule of working hours to comply with the provisions of this section. The pay, rank or benefits of the members and officers of the fire department, shall not be reduced as a result of this subsection."

It is argued that under familiar rules of statutory construction designed to avoid an absurd or impracticable result the term "fire department" should be held to encompass only those whose primary duties are to fight fires, or so-called "line firemen."

It would be very difficult to do this in the face of KRS 95.010(2) (c): " 'Fire department' means and includes all officers, firemen, and clerical or maintenance employes of the fire department."

■ The aforementioned rule of construction rests upon a presumption that the legislative body surely would not have intended an awkward result. Such a presumption is impossible when it is clear that the legislative body did in fact intend the result in question. The statutes applicable to this case are too plain to leave any room for doubt.

■ On the question of injunctive relief, we are of the opinion that the loss of his rights under KRS 95.500(3) constituted an irreparable injury for which Meyer had no adequate remedy at law.

The judgment is affirmed.